JOHN R. PLATER, Exc'r of CHARLOTTE L. EDMONDSON, *vs.* PEREGRINE GROOME, Trustee of H. L. EDMONDSON.

A testatrix bequeathed to her executor, in further compensation for his trouble and as a special and additional legacy to him, "all moneys, debts, bonds, notes and other evidences of debt" being in her possession at her death, "he, however, first paying therefrom and thereout *all debts of every kind against her or her estate.*" HELD:

That counsel-fees and costs incurred in a litigation relating to the probate of a codicil to the will should be paid out of the fund thus given to the executor.

APPEAL from the Orphans Court of Talbot County.

Plater, the executor of Mrs. Edmondson, filed his petition in the orphans court, praying that the counsel-fees and costs, both in that court and the Court of Appeals, incurred in the case of *Plater vs. Groome,* 3 *Md. Rep.,* 134, (which was a controversy relating to the probate of a codicil to the will of Mrs. Edmondson,) and by the decree of the Court of Appeals in that case directed to be paid out of the estate, might be paid

out of her estate *by the legatees under her will, ratably and proportionably.*

Groome, the appellee, answered this petition and insisted, that by her will the testatrix had provided an ample fund for the payment of debts of all kinds against her estate, and that out of this the executor is bound to pay the counsel-fees and costs in question. The provision in the will referred to is fully stated in the opinion of this court. The orphans court passed an order, that these costs and the counsel fees which they might thereafter allow should be paid out of that fund. From this order the executor appealed.

The cause was argued before LE GRAND, C. J., ECCLESTON, MASON and TUCK, J.

*Samuel Hambleton* for the appellant. That the counsel-fees should have been allowed out of the estate is clear from the case of *Compton vs. Barnes,* 4 *Gill,* 55. The order of the court below is a virtual decree that the *executor* shall pay these costs. The clause of the will directing the debts to be paid out of the legacy to Plater does not embrace such expenses as these. No such debt was in the mind of the testatrix. Her intention was that Plater should pay the debts which she might owe at the time of her death, not debts that might thereafter be incurred in the prosecution of a litigation respecting her will.

*E. F. Chambers* for the appellee. The orphans court has not refused to allow counsel-fees. Their order says they will allow them when a proper application is made. The *amount* is in their discretion. 8 *Gill,* 287, *Ex-parte Young.* The fund from which the court directs payment to be made is not only a part of the estate of the deceased, but the part which by the will is especially appropriated to the payment of all costs and expenses incurred by the executor in the course of his administration. The residuary legatee has not yet got his money—it is not his, and will not be his until the debts are

13      v.5

paid. The rule is general, that the costs are to be paid out of the *general fund. Beames on Costs,* 14, (22 *Law Lib.,* 4.)

ECCLESTON, J., delivered the opinion of this court.

Mrs. C. L. Edmondson having appointed the appellant executor of her last will and testament, gave him $250 out of the first year's rent of her farm as compensation for his services; and in further compensation for his trouble as executor, and as a special and additional legacy to him, she gave him "all moneys, debts, bonds, notes and other evidences of debt," being in her possession at her decease, "he, however, first paying therefrom and thereout all debts of every kind" against *her or her estate.*

In this bequest there seems to be a manifest intention to provide the means of paying, not only such debts as might be due by the testatrix at her decease, but likewise all claims which should arise against her estate. With such a provision in the will, the application of the appellant could not properly have been granted by the orphans court, unless there had been proof to show that the claims due to the testatrix at her decease were not sufficient to discharge the debts due by her and the expenses of administration, including the costs and counsel-fees mentioned in the petition. And there being no such proof, the court were right in directing that the costs and fees should be allowed out of the fund set apart for the payment of debts.

The language employed by the testatrix to express her intention in regard to the application of this fund is very emphatic, for out of it *all debts of every kind* against her *or her estate* are to be first paid before the legatee is to have any portion thereof. Such a provision, we think, makes the fund as much applicable to the discharge of debts and costs attendant upon the administration as would be any fund directed to be appropriated toward the payment of debts without a bequest of the balance thereof to any particular legatee, or as would be any general residuum.

The order of the orphans court will, therefore, be affirmed with costs to the appellee. *Order affirmed.*

LE GRAND, C. J., dissented.